IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEROME G. BELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0109-D |
| | § | |
| LISA DeBLANC | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Jerome G. Bell against Lisa DeBlanc for violations of the federal housing laws, fraud, and breach of contract. On December 20, 2005, plaintiff filed a four-page complaint and an application to proceed *in forma pauperis*.[1] Because the information provided by plaintiff in his pauper's affidavit was insufficient to enable the court to determine whether he lacked the funds necessary to prosecute this case, a detailed questionnaire was mailed to plaintiff on January 27, 2006 in order to obtain additional information about his financial status. Plaintiff was admonished that the failure to answer the questionnaire within 20 days "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *See* ORDER,

---

[1] Plaintiff originally filed this action in the Austin Division of the Western District of Texas. The case was transferred to the Dallas Division of the Northern District of Texas on December 28, 2005. *Bell v. DeBlanc*, No. A-05-CA-1053 (W.D. Tex. Dec. 28, 2005).

1/27/06. When plaintiff failed to comply with that order, a second questionnaire was mailed to him on February 24, 2006. Once again, plaintiff was warned that the failure to answer questions about his assets and monthly living expenses within 20 days would result in the dismissal of his case. *See* ORDER, 2/24/06. To date, the questionnaire remains unanswered. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has ignored two court orders requiring him to answer a questionnaire detailing his assets and monthly living expenses. Without this information, the court cannot rule on plaintiff's application to proceed *in forma pauperis* and this litigation cannot proceed. Dismissal is clearly appropriate under the circumstances. *See Pollock v. Burch Management*, No. 3-02-CV-0691-R, 2002 WL 1575401 at *1 (N.D. Tex. Jul. 15, 2002) (Kaplan, J.) (recommending dismissal of *pro se* civil action without prejudice for failing to answer two financial questionnaires).

**RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE